IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JSDQ MESH TECHNOLOGIES LLC, | Case No. |
| Plaintiff, | |
| v. | |
| RUCKUS WIRELESS, INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff JSDQ Mesh Technologies LLC complains of Defendant Ruckus Wireless, Inc. as follows:

### NATURE OF LAWSUIT

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2.      JSDQ Mesh Technologies LLC ("JSDQ") is a Delaware limited liability company with its principal place of business at 401 Lake Avenue, Round Lake Beach, Illinois 60073.

3.      JSDQ is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. RE 43,675, entitled "Wireless Radio Routing System," which issued on September 18, 2012 (the "'675 Patent") (a true and correct copy is attached as Exhibit A), United States Patent No. 7,916,648, entitled "Method of Call Routing and Connection," which issued on March 29, 2011 (the "'648 Patent") (a true and correct copy is attached as Exhibit B), and United States Patent No. 7,286,828, entitled "Method of Call Routing and Connection," which issued on October 23, 2007 (the "'828 Patent") (a true and correct copy of which is attached as Exhibit C) (collectively, the "Patents-in-Suit").

4.      Defendant Ruckus Wireless, Inc. ("Ruckus") is a Delaware corporation with the registered agent Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Ruckus's principal place of business is 350 West Java Drive, Sunnyvale, California 94089.

5.      Ruckus designs, manufactures, and markets Smart Wi-Fi products and Smart Wireless LAN systems.

6.      Ruckus sells Smart Wi-Fi products and Smart Wireless LAN systems (i.e., Smart Wi-Fi Technology) throughout the United States and the world.

7.      Smart Wi-Fi Technology uses an intelligent, high-gain directional antenna system and quality of service technologies to extend the range of Wi-Fi signals and automatically adapt to environmental changes.

8.      Ruckus conducts business within the State of Delaware.

## JURISDICTION AND VENUE

9.      This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

10.     Personal jurisdiction over Ruckus is proper in this Court. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## THE ACCUSED SYSTEMS

11.     Ruckus infringes the Patents-in-Suit through at least the manufacture, use, offer for sale and/or sale of Smart Wi-Fi Technology, including but not limited to its ZoneFlex Smart Mesh Networking products (including hardware and software), and related services (the "Accused Systems").

12.    Smart Mesh is carrier-class software technology that uses advanced self-organizing network principles to create highly resilient, high-speed Wi-Fi backbone links between access points.

13.    Smart Mesh simplifies the deployment of both service provider and enterprise wireless networks by reducing cumbersome radio planning and costly cabling needed to reliably connect every Wi-Fi access point.

14.    Smart Mesh automatically establishes wireless connections between individual access points using patented smart antenna technology and self-heals in the event of a failed link.

15.    Smart Mesh gives service providers the flexibility to deploy infrastructure assets where needed with the assurance that both cellular and Wi-Fi traffic can be reliably and cost effectively backhauled.

16.    Ruckus's Smart Wi-Fi technologies include Smart Radio. A primary component of Smart Radio technology is BeamFlex. BeamFlex is a smart antenna system that makes Wi-Fi signals stronger by focusing them only where they are needed and dynamically steering them in directions that yield the highest throughput for each receiving device.

17.    Ruckus offers high capacity Wi-Fi access points with special antennas designed to focus wireless signals in a specific direction.

18.    Ruckus offers several antenna models for its access points including at least directional antennas, sector antennas (i.e., 120 degrees), and omni-directional antennas.

## COUNT I – PATENT INFRINGEMENT
## UNITED STATES PATENT NO. RE 43,675

19.    JSDQ realleges and incorporates by reference paragraphs 1 through 18, inclusive, as though fully set forth herein.

20.     Ruckus directly infringes at least independent claim 15 of the '675 Patent through the manufacture, use, offer for sale and/or sale of the Accused Systems.

21.     Ruckus's Accused Systems provide radio communication routes among individual nodes capable of distribution arbitrarily relative to each other.

22.     Ruckus's Accused Systems perform each of the limitations of claim 15 of the '675 Patent. Ruckus's Accused Systems operate by (a) establishing radio links between respective pairs of nodes without regard to their relative locations, at least one node using a directional radio signal; (b) measuring a value of a parameter of a directional radio signal; (c) transmitting radio signals with routing messages; and (d) assembling, by computers in a plurality of nodes, a radio communication route between an originating node and a destination node.

23.     Alternatively, Ruckus indirectly infringes at least independent claim 15 of the '675 Patent by inducing others' direct infringement through their use of the Accused Systems. To the extent Ruckus is not the only direct infringer of the '675 Patent, users of Ruckus's Accused Systems would constitute direct infringers.

24.     Ruckus has notice of the '675 Patent and the likelihood of infringement thereof at least as early as November 30, 2012 when Scott Hauser, Deputy General Counsel of Ruckus, provided revisions to an agreement tolling any limitations and prohibiting the filing of any civil action until an agreed upon future date.

25.     Upon information and belief, Ruckus provides support services to customers with the specific intent that customers will use the Accused Systems in a manner that infringes the '675 Patent.

26.     To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

27.     Ruckus's direct and/or indirect infringement as described above has injured and will continue to injure JSDQ as long as such infringement continues. JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**COUNT II – PATENT INFRINGEMENT**
**UNITED STATES PATENT NO. 7,916,648**

28.     JSDQ realleges and incorporates by reference paragraphs 1 through 18, inclusive, as though fully set forth herein.

29.     Ruckus directly infringes at least independent claim 29 of the '648 Patent through the manufacture, use, offer for sale and/or sale of the Accused Systems.

30.     Ruckus's Accused Systems provide radio communication routes among individual nodes capable of distribution arbitrarily relative to each other.

31.     Ruckus's Accused Systems perform each of the limitations of claim 29 of the '648 Patent. Ruckus's Accused Systems operate by (a) establishing radio links between pairs of nodes without regard to their relative locations; (b) measuring values of a parameter of radio signals; (c) transmitting radio signals with routing messages; (d) selecting a preferred multi-link route segment; (e) transmitting a radio signal with a routing message identifying a preferred route segment; and (f) assembling a radio communication route between an originating node and a destination node.

32.     Alternatively, Ruckus indirectly infringes at least independent claim 29 of the '648 Patent by inducing others' direct infringement through their use of the Accused Systems. To the extent Ruckus is not the only direct infringer of the '648 Patent, users of Ruckus's Accused Systems would constitute direct infringers.

25

33.     Ruckus has notice of the '648 Patent and the likelihood of infringement thereof at least as early as November 30, 2012 when Scott Hauser, Deputy General Counsel of Ruckus, provided revisions to an agreement tolling any limitations and prohibiting the filing of any civil action until an agreed upon future date.

34.     Upon information and belief, Ruckus provides support services to customers with the specific intent that customers will use the Accused Systems in a manner that infringes the '648 Patent.

35.     To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

36.     Ruckus's direct and/or indirect infringement as described above has injured and will continue to injure JSDQ as long as such infringement continues. JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## COUNT III – PATENT INFRINGEMENT
## UNITED STATES PATENT NO. 7,286,828

37.     JSDQ realleges and incorporates by reference paragraphs 1 through 18, inclusive, as though fully set forth herein.

38.     Ruckus infringes at least independent claim 68 of the '828 Patent through the manufacture, use, offer for sale and/or sale of the Accused Systems.

39.     Ruckus's Accused Systems provide wireless communication routes among individual nodes distributed to form a mesh throughout an area covered by the wireless communication system.

40.     Ruckus's Accused Systems perform each of the limitations of claim 68 of the '828 Patent. Ruckus's Accused Systems operate by (a) establishing wireless links between pairs

of routing nodes using wireless signals; (b) storing routing message; (c) selecting a routing message using a parameter of received wireless signals; (d) modifying a selected routing message; (e) deleting some routing messages; (f) retransmitting modified routing messages; and (g) assembling preferred wireless links into an optimum communication route.

41.     Alternatively, Ruckus indirectly infringes at least independent claim 68 of the '828 Patent by inducing others' direct infringement through their use of the Accused Systems. To the extent Ruckus is not the only direct infringer of the '828 Patent, users of Ruckus's Accused Systems would constitute direct infringers.

42.     Ruckus has notice of the '828 Patent and the likelihood of infringement thereof at least as early as November 30, 2012 when Scott Hauser, Deputy General Counsel of Ruckus, provided revisions to an agreement tolling any limitations and prohibiting the filing of any civil action until an agreed upon future date.

43.     Upon information and belief, Ruckus provides support services to customers with the specific intent that customers will use the Accused Systems in a manner that infringes the '828 Patent.

44.     To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

45.     Ruckus's direct and/or indirect infringement as described above has injured and will continue to injure JSDQ as long as such infringement continues. JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JSDQ Mesh Technologies LLC respectfully requests this Court to enter judgment against Ruckus and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A.     The entry of judgment in favor of Plaintiff and against Ruckus;

B.     An award of damages against Ruckus adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C.     A finding that this case is exceptional and an award to Plaintiff of its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.     A permanent injunction prohibiting further infringement of the Patents-in-Suit; and

E.     Such other relief to which Plaintiff is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

Dated: February 25, 2013

Respectfully submitted,

*Of Counsel:*

_/s/ Dominick T. Gattuso_

Timothy J. Haller

Dominick T. Gattuso (DE Bar No. 3630)

Daniel R. Ferri

Melissa N. Donimirski (DE Bar No. 4701)

Gabriel I. Opatken

PROCTOR HEYMAN LLP

NIRO, HALLER & NIRO

300 Delaware Avenue, Suite 200

181 West Madison Street, Suite 4600

Wilmington, DE 19801

Chicago, IL 60602

Phone: (302) 472-7300

Phone: (312) 236-0733

DGattuso@proctorheyman.com

Fax: (312) 236-3137

MDonimirski@proctorheyman.com

haller@nshn.com

dferri@nshn.com

gopatken@nshn.com

***Attorneys for Plaintiff, JSDQ Mesh
Technologies LLC***